UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEITH ALLARD and
BENJAMIN GRAHAM,

    Plaintiffs,

v.

MICHIGAN HOUSE OF
REPRESENTATIVES,

    Defendant.

File No. 1:15-CV-1259

Hon. Gordon J. Quist

IMMEDIATE CONSIDERATION
REQUESTED

_____

BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO REQUIRE
PRESERVATION OF CELL PHONE PENDING DISCOVERY
_____

Plaintiffs Keith Allard and Benjamin Graham seek an order requiring the Michigan State Police (MSP) to preserve the cell phone of Joe Gamrat because it potentially contains relevant evidence in this matter. Because Defendant's deadline to answer the Complaint is not until February 5, 2016, the Court has not yet conducted a Rule 16 scheduling conference. As a result, Plaintiffs do not yet have the ability to compel examination of the phone.  However, MSP notified Plaintiffs that it intends to return Mr. Gamrat's phone to him soon absent a Court order. Plaintiffs have been unable to secure agreement from Mr. Gamrat to permit examination of the phone.  Accordingly, Plaintiffs respectfully request an order requiring MSP to preserve the phone, until either: (1) the parties are able to examine it in the normal course of discovery or at a time permitted by the Court; (2) Mr. Gamrat permits examination without a subpoena; or (3) further Court order.

BACKGROUND

Plaintiffs filed the Complaint in this matter on December 7, 2015. Defendant has almost another month to respond, since the Answer is due February 5, 2016. During the fall of 2015, MSP investigated former state representative Todd Courser's report that he had been blackmailed via anonymous text messages. As part of MSP's investigation, MSP seized and searched the cell phone of Joe Gamrat with a warrant. MSP determined in its investigation that a friend of Joe Gamrat, David Horr, sent anonymous text messages to Mr. Courser at the behest of Mr. Gamrat. Mr. Horr's messages attempted to secure Mr. Courser's resignation from office by threatening disclosure of the then-secret information that Mr. Courser was having an extramarital affair with Mr. Gamrat's wife, former state representative Cindy Gamrat. MSP has now concluded its investigation, and a county prosecutor has declined to file criminal charges arising out of the matter.

Plaintiffs' Complaint arises out of matters at least somewhat related to the MSP investigation. The Complaint alleges that Defendant, the Michigan House of Representatives, unlawfully retaliated against Plaintiffs for exercise of their First Amendment rights. In particular, Plaintiffs allege that Defendant is liable for unlawful retaliation because Plaintiffs reported to governmental authorities, and eventually went to the press, relating to matters of public concern that they observed in their employment in the combined offices of former Reps. Courser and Gamrat. Among other state law claims, Plaintiffs' Complaint also alleges that Defendant terminated Plaintiffs' employment in violation of the Michigan Whistleblowers' Protection Act. Mr. Gamrat figures into Plaintiffs' allegations

because, among other reasons, he notified Plaintiffs that he overheard then-Representatives Courser and Gamrat discussing their plan to initiate Plaintiffs' termination by Defendant because they learned that Plaintiffs reported their wrongdoing to governmental authorities.

In addition, upon information and belief, one of the defenses that Defendant intends to assert in this matter – strongly disputed by Plaintiffs – is that the after-acquired evidence rule would limit Defendant's damages on Plaintiffs' Whistleblowers' claim. Upon information and belief, Defendant will claim that Plaintiffs knowingly and intentionally assisted Joe Gamrat in providing him information to use with his friend David Horr in sending texts attempting to force Mr. Courser's resignation. Plaintiffs strongly deny that assertion. However, Defendant apparently plans to argue that Plaintiffs could have been legally terminated for allegedly "helping" Joe Gamrat and his friend send texts to Todd Courser to try to break up Courser's affair with Joe Gamrat's wife. While Joe Gamrat did occasionally communicate with Plaintiffs and seek out information about his suspicions that his wife and Courser were having an affair, Plaintiffs – who were placed in a very difficult position – merely tried to avoid lying to Mr. Gamrat or misleading him. Plaintiffs certainly never answered Joe Gamrat's questions about his wife's schedule or activities knowing, intending, or even imagining that he would try to secure Courser's resignation with threats of going public with his affair with Cindy Gamrat.

In December 2015, Plaintiffs sent a litigation hold notice to MSP requesting the preservation of materials in MSP's possession pending discovery in this case.

Because of the litigation hold notice, counsel for MSP, Assistant Attorney General Mark Donnelly, informed Plaintiffs' counsel that Mr. Gamrat contacted MSP and requested return of his phone. Since its investigation has concluded, and because Mr. Gamrat has requested return of the phone, MSP intends to return Mr. Gamrat's cell phone to him absent a Court order requiring its preservation. MSP's counsel Mr. Donnelly informed Plaintiffs' counsel that MSP has imaged the contents of the cell phone, which will be preserved even if the phone is returned. However, Plaintiffs' counsel would like a brief and reasonable opportunity while the phone is being maintained in MSP evidence for an electronic discovery expert of Plaintiffs to examine the phone itself and the imaged contents, to be certain no further testing needs be done and no further data can be obtained from the physical phone device.

Plaintiffs' counsel has attempted to reach Mr. Gamrat to negotiate an agreement to permit the parties to examine Mr. Gamrat's cell phone as soon as possible, so that MSP may return the phone to him quickly. Plaintiffs' counsel left a message at Mr. Gamrat's last known phone number, sent him a letter via Federal Express, and sent him the letter via email to his last known email address. In those communications, Plaintiffs' counsel asked for a response from Mr. Gamrat by January 5, 2016, but Mr. Gamrat has not responded. (Ex. A.)

## ARGUMENT

Federal Rules of Civil Procedure 26(b) and 34 permit the parties to issue a subpoena to a non-party for examination of a tangible item that could lead to the discovery of admissible evidence in this case. The parties are not permitted to issue subpoenas or otherwise begin discovery prior to the Court's Rule 16 scheduling

conference and issuance of a scheduling order. Absent a Court order, realistically the Court will not issue a scheduling order in this matter until March 2016 at the very earliest, at which time MSP will have returned the phone to Mr. Gamrat and potential evidence could be destroyed.

There is good cause for the Court to require that MSP preserve the phone in its current form. Given the matters at issue described above, Joe Gamrat's communications (or lack thereof) with a number of people are potentially relevant evidence in this matter. To the extent that any other data can be retrieved beyond what MSP was able to image from Mr. Gamrat's phone, Plaintiffs are entitled to inspect the device using their own expert to make that determination. Moreover, MSP was looking for information for a different purpose – determining the identity of the anonymous texter – than the questions at issue in this litigation, and it is possible that MSP overlooked available information because it was not important to MSP's mission. The fact that MSP imaged the phone's contents (contents to which Plaintiffs also have not yet had complete access) does not obviate Plaintiffs' reasonable request to examine the actual device before it can be altered or destroyed.

## CONCLUSION

Therefore, Plaintiffs request entry of the attached order, or one similar, requiring MSP to preserve Mr. Gamrat's cell phone in MSP's possession, until such time as either: (1) the parties are able to examine it in the normal course of discovery; (2) Mr. Gamrat permits examination to occur without a subpoena; or (3) the Court issues a further order relating to disposition of the phone. In addition,

Plaintiffs request relief as soon as possible from the Court before MSP returns the phone to Mr. Gamrat.

>                    PINSKY, SMITH, FAYETTE & KENNEDY, LLP
>                    Attorneys for Plaintiffs

Dated: January 7, 2016         By:    /s/ Sarah R. Howard
                                      H. Rhett Pinsky
                                      Sarah Riley Howard
                               Business Address and Telephone Number:
                                      146 Monroe Center St NW, Suite 805
                                      Grand Rapids, MI  49503
                                      (616) 451-8496
                                      HRPinsky@sbcglobal.net
                                      SarahRileyHoward@hotmail.com